UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
DEQUAN WILLIAMS, on behalf of himself and all : 
others similarly situated, : Case No.: 18 Civ. 72
                Plaintiff, :
     - against - :
                                       : **CLASS AND COLLECTIVE**
TSU GLOBAL SERVICES INC. d/b/a CENTER CITY : **ACTION COMPLAINT**
TRANSPORTATION INC. and CENTER CITY LIMO :
                Defendant. :
------------------------------------------------------------------- X

    Plaintiff Dequan Williams, on behalf of himself and all others similarly situated, by and through his attorneys Shulman Kessler LLP, complaining of the Defendant TSU Global Services Inc. d/b/a Center City Transportation Inc. and Center City Limo ("Defendant" or "TSU"), allege as follows:

### PRELIMINARY STATEMENT

    1.    This lawsuit seeks to recover unpaid overtime and misappropriated tips for Plaintiff and his similarly situated co-workers who have worked for Defendant in the State of New York as "Drivers," based upon Defendant's violation of the New York Labor Law ("NYLL" or "N.Y. Lab. Law") and appropriate rules and regulations.

    2.    TSU describes itself as a company that "has been leading the way in corporate and personal transportation in New York City for the past twenty years." TSU touts its "diverse team of professional drivers are the best in the business, bringing with them dozens of years of experience in the field."[1]

    3.    Drivers transport TSU's customers in its buses, vans, and other vehicles.

---

1    TSU, *About Us*, (last accessed Nov. 24, 2017), http://tsuglobal.com/#aboutus; Center City Trans. Inc., *Home* (last accessed Dec. 11, 2017), http://www.centercitylimo.com

4.      While employed by TSU, Plaintiff consistently worked over 40 hours per week without receiving premium overtime pay for all the hours he worked. Throughout the relevant period, it was TSU's policy to deprive Plaintiff of all of his earned overtime wages in violation of the FLSA and NYLL.

5.      In order to avoid paying Plaintiff overtime premiums for all of the hours he worked in excess of 40 per week, TSU misclassified its Drivers as exempt employees and independent contractors.

6.      TSU also unlawfully deducted from Plaintiff's wages and failed to remit the full-value of Plaintiff's tips, in that TSU retained tips from customers paying gratuities by credit card, and did not provide them to its Drivers, even though a reasonable customer would believe that the gratuities were intended only for the Driver.

7.      Williams (the "FLSA Class Representative") brings this action on behalf of himself and all similarly situated current and former Drivers of Defendant pursuant to the FLSA.

8.      Williams (the "New York Class Representative") also brings this action on behalf of himself and all similarly situated TSU Drivers who worked in New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and Article 6, §§ 195 and 198, and the supporting New York State Department of Labor regulations.

**JURISDICTION & VENUE**

9.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

11. Defendant is authorized to do business in New York State and does business in Kings and Queens Counties.

12. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Dequan Williams*

13. Dequan Williams is a resident of Bronx County, State of New York.

14. At all times relevant to this Complaint, Williams was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

15. At all times relevant, Williams was employed by Defendant as a Driver.

16. Williams expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b), attached as Exhibit A.

*Defendant TSU Global Services Inc.*

17. Upon information and belief, Defendant TSU Global Services Inc. was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

18. TSU was and still is doing business as Center City Transportation Inc. and Center City Limo, in addition to doing business as TSU Global.

19. TSU maintains its principal place of business at 11-35 31st Drive, Long Island City, New York 11101.

20. Upon information and belief, TSU maintains control, oversight, and direction over its operations and employment practices.

21. At all times hereinafter mentioned, TSU was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

22. Defendant TSU employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

23. Defendant TSU annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

24. At all times hereinafter mentioned, the activities of TSU, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

25. At all relevant times, TSU maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

26. TSU applied the same employment policies, practices, and procedures to all Drivers throughout State of New York, including policies, practices, and procedures with respect to the failure to pay overtime wages and the failure to provide a minimum wage.

## FLSA COLLECTIVE ACTION CLAIMS

27. Williams, brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as a Driver within the last three years and who elect to opt-in to this action.

4

28. Upon information and belief, there are approximately more than 50 current and former Drivers that are similarly situated to the FLSA Class Representative who were denied overtime compensation and a minimum wage by Defendant.

29. The FLSA Class Representative represents other Drivers, and is acting on behalf of Defendant's current and former Drivers interests as well as his own interests in bringing this action.

30. Defendant unlawfully required the FLSA Class Representative and all individuals employed as Drivers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

31. The FLSA Class Representative seeks to proceed as a collective action with regard to the First Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All Drivers who are working or worked for Defendant during the three years prior to the filing of their respective consent forms ("FLSA Collective").

32. TSU was aware or should have been aware that the law required it to pay non-exempt employees, including the FLSA Class Representative and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours TSU suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, TSU applied the same unlawful policies and practices to its Drivers throughout the State of New York.

33. The FLSA Collective is readily identifiable and locatable through the use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the

5

FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## **NEW YORK CLASS ACTION ALLEGATIONS**

34. Williams, the New York Class Representative, brings the Second, Third, Fourth, Fifth, and Six Causes of Action on his own behalf and as a class action, pursuant to Article 9 of the New York Civil Practice Law and Rules on behalf of the following class of persons:

> All Drivers who are working or worked for Defendant during the six years prior to the filing of the Complaint (the "New York Class").

35. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of TSU.

36. Upon information and belief, the size of the New York Class is at least 100 individuals.

37. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually, including without limitation:

   a. Whether TSU failed to pay proper compensation for all work-hours and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

   b. whether TSU failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Class;

   c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   d. whether TSU unlawfully deducted from the wages of the New York Class Representative and Class Members in violation of N.Y. Lab. Law § 193

   e. whether TSU unlawfully failed to remit the full value of the earned gratuities in violation of N.Y. Lab. Law § 196-d;

    f.   whether TSU failed to furnish the New York Class Representative and New York Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

    g.   whether TSU failed to furnish the New York Class Representative and New York Class with the hiring notice required by N.Y. Lab. Law § 195;

    h.   the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representative and the New York Class; and

    i.   whether TSU acted willfully or with reckless disregarding in its failure to pay the New York Class Representative and the New York Class.

38. The New York Class Representative fairly and adequately protects the interests of the New York Class and has no interests antagonistic to the class. The New York Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

39. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate TSU. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

40. Further, the New York Class Representative and the New York Class have been equally affected by TSU's failure to pay proper wages. Moreover, members of the New York Class still employed by TSU may be reluctant to raise individual claims for fear of retaliation.

41. TSU have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

7

42. The New York Class Representative's claims are typical of those of the New York Class. The New York Class Representative and the other New York Class members were subjected to TSU's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. The New York Class Representative's job duties are typical of those of the class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate TSU. The members of the New York Class have been damaged and are entitled to recovery as a result of TSU's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TSU' practices.

44. This action is properly maintainable as a class action under Article 9 of the New York Civil Practice Law and Rules.

## COMMON FACTUAL ALLEGATIONS

45. Plaintiff and the members of the FLSA Collective and New York Class (collectively "Class Members") have been victims of TSU's common policy and plan that has violated their rights under the FLSA by requiring Drivers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, TSU' unlawful policy and pattern or practice has been willful.

46. All work performed by Class Members was assigned by TSU and/or TSU was aware of all the overtime work that Plaintiff and Class Members performed.

47. Upon information and belief, TSU has a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per week.

48. TSU failed to pay Plaintiff and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

49. TSU received deducted from the earned wages of Plaintiff and Class Members and failed to remit to them the full value of their earned gratuities.

50. TSU failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

51. TSU failed to furnish Plaintiff and Class Members with the hiring notice required by NYLL.

52. As part of their regular business practice, TSU intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. TSU'spolicy and pattern or practice includes but is not limited to:

   a. Willfully misclassifying its employees, including Plaintiff and Class Members as exempt from the NYLL and FLSA;

   b. Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of TSU;

   c. Willfully failing to keep payroll records as required by the FLSA and NYLL;

   d. Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

   e. Willfully failing to pay its employees, including Plaintiff and Class Members, the full value of their earned gratuities.

53. TSU was or should have been aware that the FLSA and NYLL required them to pay its Drivers premium overtime pay for all hours worked in excess of 40 per week and to pay Plaintiff at the minimum wage for all hours worked free of any unlawful kick-backs to TSU.

54. TSU's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

55. TSU's failure to pay Plaintiff and Class Members the full value of their earned gratuities was willful, intentional, and in bad faith.

56. TSU's unlawful conduct was widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

57. Williams was employed by TSU from in or about November 2015 through August 2017 as a Driver.

58. Williams was an employee of TSU, working under its direct supervision.

59. Williams reported to TSU's place of business each day and was assigned one of the company's vehicles to drive.

60. Throughout Williams's employment for TSU, TSU contacted him at the end of the day to assign him work for the following day. Williams received additional assignments the morning of too.

61. Each workweek, Williams regularly worked four to six days, and often worked 55 to 60 hours a week for TSU.

62. At all times, Williams was required to be paid overtime pay at the statutory rate of one and one-half his regular rate of pay after he worked 40 hours in a workweek for TSU.

63. TSU, however, failed to compensate Williams for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times his regular hourly rate.

64. The customers Williams serviced as an employee of TSU regularly tipped him. TSU failed to remit the tips paid through a company account or credit card to Williams with his regular payroll.

65. TSU failed to remit the full value of Williams's earned tips each week.

66. TSU failed to furnish Williams with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid for each workweek.

67. TSU failed to provide Williams with an accurate wage notice at the time of hiring.

68. Upon information and belief, Defendant did not keep accurate records of hours Williams worked.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

69. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

71. Defendant employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

72. Plaintiff expressed his consent to make these claims against Defendant by attaching a written consent form, pursuant to 29 U.S.C. § 216(b), as Exhibit A.

73. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

74. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. Defendant was or should have been aware that the FLSA required it to pay its Drivers premium overtime pay for all hours worked in excess of 40 per week.

76. Defendant's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

77. Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
**(Brought on behalf of Plaintiff and the members of the New York Class)**

78. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

79. At all times relevant, Plaintiff and the New York Class were employees and Defendant was their employer within the meaning of the NYLL.

80. Plaintiff and the New York Class are covered by the NYLL.

81. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and Class Members.

82. Defendant failed to pay Plaintiff and the members of the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

83. Defendant failed to pay Plaintiff and members of New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

84. Defendant has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the New York Class.

85. Defendant's failure to pay overtime compensation to Plaintiff and the New York Class was willful and intentional.

86. Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### NYLL – Unlawful Wage Deduction
### (Brought on behalf of Plaintiff and the members of the New York Class)

87. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

88. Defendant knowingly, willfully, and intentionally violated NYLL Article 6, § 193 when Defendant deducted money from Plaintiff and members of the New York Class' earned wages.

89. Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their full wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### NYLL – Failure to Remit Gratuities
### (Brought on behalf of Plaintiff and the members of the New York Class)

90. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

91. Defendant knowingly, willfully, and intentionally violated NYLL Article 6, § 196-d when Defendant failed to remit the full value of the New York Class's earned gratuities.

92. A reasonable customer would believe that the gratuities would be paid to Plaintiff and the New York Class in full.

93. Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their withheld gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff and members of the New York Class)

94. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

95. Defendant failed to supply Plaintiff and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96. Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff and members of the New York Class are each entitled to damages of $100 per work week, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

97. Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff and members of the New York Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

14

### SIXTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Notices
### (Brought on behalf of Plaintiff and members of the New York Class)

98. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

99. Defendants failed to supply Plaintiffs and the members of the New York Class notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs and the members of the New York Class as their primary language, containing Plaintiffs' and the members of the New York Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100. Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiff and members of the New York Class are each entitled to damages of $50 per work week, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

101. Due to Defendant's violations of N.Y. Lab. Law § 195, for each day that Defendant failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiff and members of the New York Class are entitled to damages of $50 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

15

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks for the following relief:

A. That, at the earliest possible time, the FLSA Class Representative be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Drivers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23;

D. Designation of Plaintiff Dequan Williams as the Class Representative, and counsel of record as Class Counsel;

E. Unpaid overtime and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I. Attorneys' fees and costs of the action;

  J. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

  K. Such other injunctive and equitable relief as this Court shall deem just and proper;

  L. A reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Class and for the risks he took in doing so; and

  M. Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
   January 5, 2018

               Respectfully submitted,

               By: /s/ *Troy L. Kessler*

               **SHULMAN KESSLER LLP**
               Troy L. Kessler
               Garrett Kaske
               534 Broadhollow Road, Suite 275
               Melville, New York 11747
               Telephone: (631) 499-9100

               *Attorneys for Plaintiff and the*
               *Putative FLSA Collective and*
               *New York Class*

# Exhibit A

| CONSENT FORM |
|---|

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, TSU Global Services, Inc. ("TSU Global"), to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with TSU Global.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for TSU Global, and I did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP to represent me in this case.

Date: 1/4/2018

Signature: [DocuSigned by: DAEFE71608134F0...]

Print Name: Dequan Williams