# O'Donoghue PLLC

---

August 6, 2018

The Honorable Steven L. Tiscione
U.S. District Court: Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201


Re:    Case No.: CV-18-0072 (RRM)(ST)
       *Williams v. TSU Global Services Inc.*

To the Court:

This firm is counsel to the defendants in this action. We write in opposition to the letter motion filed August 3, 2018 by plaintiffs, seeking to amend the complaint to add additional causes of action and for equitable tolling as relates to the class and collective action, which has not yet been decided.

We oppose the motion as futile. Plaintiff seeks to add causes of action that are counter-factual to the reality of this matter, as it would be prejudicial and would further complicate what should be a fairly simple action whereby plaintiff alleges misclassification of the plaintiffs, who are admittedly per project drivers of busses and vans, as independent contractors.

Adding further causes of action that presume such plaintiffs to be "employees" under the FLSA is improper at this time and is an attempt to make this case more difficult to dispose of in summary judgment, under Rule 12(b)(6), as quite clearly this action is predicated on false statements and misunderstandings by the plaintiffs who have self-categorized themselves as employees, despite their itinerant schedules and other jobs they held simultaneously while driving for TSU.

Plaintiff have had substantial time to add causes of action before filing this action, and during the period allotted by the rules to do so as of right. They failed to make such amendment and this undue delay unfairly and unduly prejudices the defendant. This is especially true as they seek to add a "minimum wage claim" which they seem to have conjured by deciding that the wage of $17-23 hourly they were paid in blocks of 3-4 hours per project (that is, no hourly but a trip to the airport was always three times the agreed upon wage, i.e. $60 minimum for an airport ride, longer if it took longer) was reduced by their time commuting to or from work, or on the rare occasions where in violation of company policy they did not return the vehicle in between projects. This is not a valid cause of action and such is futile to plead at this late stage; moreover, it defies logic to believe this can be proven and it is a specious argument with no merit. This is simply a ploy to make the other claims of the plaintiffs more difficult to dismiss. The Court should not allow such an amendment to muddy the waters.

It would be nearly impossible for the defendant to calculate hours that were not work hours, and actually impossible for plaintiffs, who to date have nearly no documentary evidence. This further causes prejudice as it makes the defendants appear to not be in compliance with record-keeping

# O'Donoghue PLLC

requirements that do not apply to the independent contractor plaintiffs—the very definition of legal "prejudice".

By waiting until the last hour to file this amendment (which was to add parties, not claims) plaintiffs are exploiting an unfair advantage against defendants, who actually have to pay their counsel to oppose motions and produce discovery. This is further prejudice. This is especially true as the Court has not yet ruled on the conditional certification. This is not a request for an additional deposition, this is a fundamental and material change to the entire case, which previously did not seek any "minimum wage" violation but rather other vague claims that these contract workers were working overtime (which was extremely rare).

Plaintiff gives nearly no factual cause for this request and instead provides only case law and guesses at what defendant would produce in discovery (already produced) but defendant cannot be expected to account for the hours of commuting that drivers have, nor can they provide a minute by minute accounting of where each vehicle and driver was at any given time. It is relevant factually that these drivers are independent contractors who choose their own routes and have the ability to make more money based on how many 3-4 hour projects they are able to complete in each day. Since they are paid a minimum of 3 hours (for vans) and 4 hours (for busses) regardless of if it takes less time (and paid additional money if it takes longer) it is in the best interest of the driver to choose the best routes and return quickly; however, if a driver knows he has time between projects (i.e. a drop off and pick up) it would behoove him to simply "wait it out" at the airport or somewhere else in order to not spend time in traffic going back to the garage. In any event, this cannot be accounted for and this would be simply the recollection of plaintiffs without any documentary evidence, and it would not be rebuttable by any evidence of the defendant, who is not aware of the routes the drivers take nor can any documentation on such be presented.

The Court should see through this thin attempt to cause more issues. If the plaintiffs believed they were not paid minimum wage, they have had an exceptional amount of time to add such claims before filing and in the period allowed. This motion should be denied, there should be no equitable tolling and there should be no certification allowed for this action. These plaintiffs are all totally separate independent contractors who worked various days, weeks, months, years and projects. There is no cohesive aspect of each independent contractor, other than the fact that they sometimes drove for TSU. The Court is respectfully asked to deny the motions so this matter may proceed to summary judgment where the classification issue can be decided and this action disposed of summarily.

Most Respectfully,

_____/s_____
Kevin Sean O'Donoghue