UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DEQUAN WILLIAMS, on behalf of himself and all
others similarly situated,

      Plaintiff,

  - against -

TSU GLOBAL SERVICES INC. d/b/a CENTER CITY
TRANSPORTATION INC. and CENTER CITY LIMO,

      Defendant.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**
18-CV-72 (RRM) (ST)

ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiff Dequan Williams, and opt-in plaintiffs Joseph Crianza, Chandrika Mathura, and Steve Rodriguez, brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, alleging that defendant TSU Global Services Inc. ("TSU") failed to pay overtime wages, among other wage violations. (Compl. (Doc. No. 1).) Before the Court are three motions made by plaintiffs: motion for leave to amend the complaint (Mot. to Amend (Doc. No. 28)), motion to certify the FLSA collective action (Mot. to Certify (Doc. No. 16)), and supplemental motion to certify the FLSA collective action seeking equitable tolling (Mot. for Tolling (Doc. No. 26)).

  On November 20, 2018, the Honorable Magistrate Judge Steven Tiscione issued a Report and Recommendation ("R&R"), recommending that: (1) plaintiffs be granted leave to file their Amended Complaint (Doc. No. 28-1); (2) plaintiffs' proposed FLSA collective be conditionally certified; (3) defendant be directed to furnish the names and contact information for all drivers employed within the relevant time period; (4) plaintiffs' Notice of Pendency, Consent to Join form, and Reminder be distributed as modified by the R&R; (5) defendant post the Notice of Pendency and Consent to Join form conspicuously in an employee common area; and

(6) plaintiffs' claims under the FLSA be equitably tolled from March 30, 2018, through 10 days after the date of this Order. (R&R (Doc. No. 32) at 21.)

Judge Tiscione reminded the parties that Federal Rule of Civil Procedure ("Rule") 72(b) requires that any objections to the R&R be filed within 14 days. (*Id.*) No party filed any objection, and the time to do so has now expired. Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court reviews the R&R for clear error. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). The Court has not found any legal error but makes the following modifications for the reasons set forth below. In all other respects, the Court concurs with and adopts the R&R.

## DISCUSSION

### I. Clarification of the Conditionally Certified Collective Period

The R&R recommends the statute of limitations be equitably tolled for a period equal to the number of days between March 30, 2018, and the date of this Order ("Order Date"), which reflects the pendency of the motion for collective certification, and it also recommends that this tolling period be extended through 10 days following the issuance of this Order (the "+10 Date"), "to account for the time necessary to mail the Notices of Pendency to potential opt-in members." (R&R at 20–21.) The result is that the conditional certification period for purposes of providing notice in this action is the time period between March 30, 2015, and the +10 Date.[1]

---

[1] The R&R explains that the statute of limitations for willful FLSA violations is three years. (R&R at 8 n.2 (citing 29 U.S.C. § 255).) For an individual opt-in plaintiff, this period runs backward from the date they file a written consent to join the action. 29 U.S.C. § 255(a); 29 U.S.C. § 256(b). Naturally, the future dates on which opt-in plaintiffs will file their written consents are unknown, so courts must key the three-year period to some other date at the conditional certification stage for the purposes of providing notice, "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 325 (E.D.N.Y. 2016). At this stage, "courts often begin counting back from the date of the conditional certification order or the notice[.]" *Id.* at 325. Courts also "frequently permit notice to be keyed to the three-year period prior to the filing of the complaint[.]" *Id.* Other times, the period has been keyed to "the date Plaintiff filed the Motion to Certify." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 188 (E.D.N.Y. 2015) (noting that the magistrate judge also "addresse[d] this relatively open area of the law with a perfectly appropriate

2

As issued, the R&R refers to this equitable tolling period and date calculation in three areas. First, it recommends that the language in the Notice of Pendency be modified to state, in relevant part:

> The **FLSA claim in this** lawsuit is proceeding as a collective action on behalf of all Drivers who worked for TSU at any time between **[three years prior to the date of the Order plus the equitable tolling period]** and the present who were not paid time and one-half their regular rate for all hours worked over 40 in a given workweek
> . . . .

(R&R at 15 (emphasis and brackets in R&R).) Second, it states, "The date from which Defendants must provide the contact information of employees does not begin at January 9, 2015, but three (3) years prior to the issuance of the Court's Order, plus the equitable tolling period, plus ten (10) days." (R&R at 19.) Finally, the R&R recommends the Court issue an Order directing that "Defendants furnish the names and contact information for all Drivers employed at any time within three (3) years prior to the date of the Court's Order, plus the number of days between March 30, 2018 and the date of the Order, plus ten (10) days." (R&R at 21.)

There is some ambiguity in each of these references as to whether the inclusion of the 10-day period could have the effect of pushing back the start of the conditional certification period from March 30 to March 20, 2015, rather than referring to the +10 Date. Aside from this potentially ambiguous language, there is no substantive indication in the R&R that it intended to include claims arising during the period from March 20 through March 29, 2015, and the Court declines to read this meaning into the R&R.

---

approach" where the magistrate keyed the date to "the date equitable tolling was first sought," almost two years after the filing of the motion to certify). The R&R keys the three-year period to the date of this Order, but also tolls the statute of limitations for the period during which the certification motion has been pending, *i.e.*, from March 30, 2018, plus an additional 10 days following the issuance of this Order. (R&R at 21.) This results in a time period of March 30, 2015, through the +10 Date. While alternative approaches are available, given that no party has objected, and the Court finds no legal error in this approach, the Court will not disturb the R&R's recommendation.

For the avoidance of doubt, the Court modifies the recommendations in the R&R as follows. First, the paragraph referenced above in the proposed Notice of Pendency shall be modified to read:

> The FLSA claim in this lawsuit is proceeding as a collective action on behalf of all Drivers who worked for TSU at any time between **March 30, 2015**, and **[the +10 Date]** who were not paid time and one-half their regular rate for all hours worked over 40 in a given workweek . . . .

The bracketed text shall be substituted by the appropriate date certain based on the date this Order is issued. Second, the date from which defendants must provide the contact information of employees does not begin at January 9, 2015, but March 30, 2015. Finally, the Court will order that defendants furnish the names and contact information for all drivers employed at any time between March 30, 2015, and the date of this Order.

## II. Correction of the Notice Period

Throughout plaintiffs' proposed Notice, the opt-in period is described as "[a date 60 days from notice; if a notice is returned undeliverable and a new address is located, the notice period for that putative class member will close no later than 120 days after the date of the first mailing of the original notice to the putative class member]." (Proposed Notice and Consent (Doc. No. 16-5) at 2, 3, 5.) The R&R does not recommend modifications to this period, except in one instance, which appears to be an inadvertent error. There, it recommends that the Notice of Pendency add the following language in its explanation of legal rights and options:

> If you retain your own counsel, you will be responsible for making arrangements for payment of the fees of the attorney you select. The counsel you hire must file with the Court a Consent to Become a Party Plaintiff in this lawsuit by [10 days from date of Order] and must enter a formal appearance as attorney on your behalf.

(R&R at 17.)

Nothing in the R&R suggests that it purposely intended to shorten the opt-in period to a

4

mere 10 days in this paragraph or elsewhere. Furthermore, defendant did not object to the proposed 60-day (or extended 120-day) notice period. In light of this, the paragraph above shall be modified to read:

> If you retain your own counsel, you will be responsible for making arrangements for payment of the fees of the attorney you select. The counsel you hire must file with the Court a Consent to Become a Party Plaintiff in this lawsuit by **[a date 60 days from notice; if a notice is returned undeliverable and a new address is located, the notice period for that putative class member will close no later than 120 days after the date of the first mailing of the original notice to the putative class member]** and must enter a formal appearance as attorney on your behalf.

## CONCLUSION

Accordingly, the Court orders the following:

(1) Plaintiffs' motion for leave to file the proposed amended complaint (Doc. No. 28) is granted;

(2) Plaintiffs' motion to conditionally certify the FLSA collective action (Doc. No. 16) is granted;

(3) Defendant shall furnish the names and contact information for all Drivers employed at any time from March 30, 2015, to the date of this Order;

(4) Plaintiffs' Notice of Pendency, Consent to Join form, and Reminder shall be distributed as modified in the R&R (R&R at 15–19) and as further modified herein;

(5) Defendant shall post the Notice of Pendency and Consent to Join form conspicuously in an employee common area; and

(6) Plaintiffs' supplemental motion to conditionally certify the FLSA collective action seeking equitable tolling (Doc. No. 26) is granted for the period from March 30, 2018, to a date 10 days following the issuance of this Order.

This matter is recommitted to the supervision of Magistrate Judge Tiscione for all pre-trial matters.

SO ORDERED.

Dated: Brooklyn, New York
        March 1, 2019

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge