UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEQUAN WILLIAMS, on behalf of himself
and all others similarly situated,

                        Plaintiffs,

    -against-

TSU GLOBAL SERVICES INC. d/b/a
CENTER CITY TRANSPORTATION INC.
and CENTER CITY LIMO

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**18-CV-72 (ST)**

**TISCIONE, United States Magistrate Judge**:

      Defendants move this Court to reconsider its order denying, in part, Defendant's motion for summary judgment pursuant to Local Rule 6.3.[1] The Court will not modify its order. Defendants have fallen far short of satisfying the exacting standard required to warrant reconsideration under Local Rule 6.3. For reasons discussed herein, Defendants' motion is DENIED.

## BACKGROUND

      The Court presumes familiarity with this Court's previous order granting, in part, and denying, in part, Defendants' motion for summary judgment. *See* Memorandum and Order dated Sep. 30, 2022, ECF No. 66. For that reason, the Court will not restate the factual history of this

---

[1] In their briefing, Defendants also cite to Federal Rule of Civil Procedure ("FRCP") 59(e) as the basis of their motion and as the relevant standard governing this decision. Def. Br. at 2, ECF No. 67-1. FRCP 59(e) governs motions to alter or amend a judgment, and no judgment has been entered in this case. Thus FRCP 59(e) is inapplicable here, and Local Rule 6.3 governs. The cases Defendants cite make this plain. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (considering what constitutes a Rule 59(e) motion following a jury verdict); *Wilson v. Pessah*, No. 05-CV-3143, 2007 WL 812999, at *1 (E.D.N.Y. Mar. 14, 2007) (considering Rule 59(e) motion after plaintiff's claim was dismissed in full for failure to respond to motion for summary judgment). Defendants also cite to *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) for the applicable Rule 59 standard. However, *Shamis* was governed by and decided under the Local Rule 6.3 standard, not FRCP 59. *Id.*

case which is detailed in the previous order. In the summary judgment order, this Court granted Defendant's motion in many respects, dismissing the majority of Plaintiff's claims. *Id* at 1. However, the Court denied Defendant's motion as to Plaintiff's unpaid overtime claims pursuant to the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). *Id* at 5-8. The Court also found that, as a matter of law, Plaintiff and those similarly situated were employees of Defendants and not independent contractors. *Id* at 10-14. It is these decisions that Defendants now ask this Court to reconsider.

## STANDARD OF REVIEW

Local Rule 6.3 governs motions for reconsideration. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)." In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Corpac*, 10 F. Supp. 3d at 354. A motion for reconsideration is not to be used as a vehicle to relitigate issues. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

# DISCUSSION

Defendants have failed to meet the standard laid out by Local Rule 6.3. At the outset, the Court notes that Defendants have not pointed to any "controlling decisions . . . that the court overlooked," because Defendants do not cite to any legal authority in their briefing to support their arguments. *Corpac*, 10 F. Supp. 3d at 351. Instead, Defendants' argument rests on the following alleged factual misunderstandings:

1. The Court misunderstood that each Plaintiff possessed a Commercial Driver License ("CDL");

2. That Plaintiffs misrepresented that Defendants own a mixed fleet of large and small vehicles; and

3. Plaintiffs could not only have worked exclusively for Defendants, as Plaintiffs were not paid well enough to survive on wages paid by Defendant alone. Def. Br. at 3, ECF No. 67.

**I.  Presuming All Plaintiffs Possessed a CDL Does Not Change the Court's Rationale in the Previous Order.**

Defendants argue that this Court misunderstood that Plaintiffs have admitted to possessing CDLs but deny possessing any additional licensure, and instead determined that Plaintiffs deny possessing CDLs. *Id* at 4-5. However, even presuming Defendants' reading of the Court's previous order, the fact that Plaintiffs possessed CDLs does not change any of the Court's previous analysis.

With regards to the Court's determination that the Motor Carrier Act (the "MCA") does not exempt Plaintiffs from overtime, possession of a CDL is irrelevant to this analysis. As discussed previously, the Technical Corrections Act of 2008 (the "TCA") applies the FLSA's overtime requirements on "motor carries who, at least in part, drive vehicles (a) weighing 10,000

pounds or less and (b) 'designed or used to transport more than 8 passengers,' including the driver." *Id* at 6 (quoting *Leier v. Lincoln Limousine Brokerage Inc.*, No. 14 Civ. 3121, 2018 WL 276345, at 2-3 (E.D.N.Y. Jan. 3, 2018). Possession of a CDL is irrelevant to this analysis. While Defendants also deny that their fleet of vehicles falls under the TCA, that argument is addressed below. I therefore see no reason to deviate from this Court's previous determination.

Furthermore, Defendants expressly deny that they raise the CDL issue to contest the determination that Plaintiffs are employees and not independent contractors. *See* Def. Reply Br. at 2, ECF No. 70 (arguing "this is not about [the] 'skill factor'" of the FLSA employee analysis "it is about the facts of this action that the drivers had to have a special license because they operated the U.S. Department of Transportation regulated vehicles due to the capacity and weight of the vehicles"). Accordingly, the Court declines to consider a basis for reconsideration not raised by Defendants.

## II. Defendants Present No New Evidence to Resolve the Genuine Issue of Material Fact as to the Types of Vehicles in Defendants' Fleet.

Defendants also urge this Court to reconsider its previous determination that a genuine issue of material fact exists as to whether Plaintiffs drove solely large class vehicles, in which case the MCA overtime exemption would likely apply, or whether Plaintiffs drove a mixed fleet of vehicles, in which case overtime would be required under the TCA and FLSA. Def. Br. at 5, ECF No. 67-1. Defendants again assert that Plaintiffs are misrepresenting the types of vehicles they drove, and present sham affidavits attesting to that fact. Def. Reply. Br. at 2, ECF No. 70. This Court has already had the opportunity to consider such arguments in Defendants' briefing on their motion for summary judgment. The Court declines to consider the same arguments again. *See Analytical Surveys, Inc.*, 684 F.3d at 52.

Defendants' only new argument is again that Plaintiffs all possessed CDLs, which, according to Defendants, definitely shows Plaintiffs operated exclusively large vehicles subject to the MCA exemption. Def. Br. at 5-6, ECF No. 67-1. However, Defendants' logic is flawed. There is no question that Plaintiffs at times, even perhaps a large majority of the time, operated large vehicles that would require a CDL. Pl. Opp. Br. at 2, ECF No. 69. However, it does not follow that Plaintiffs therefore could *never* have operated vehicles small enough for the FLSA overtime requirements to apply. Plaintiffs merely allege that at times, they were required to drive smaller vehicles. *See* Memorandum and Order dated Sep. 30, 2022, at 7, ECF No. 66. There is nothing inconsistent with that assertion and the fact that Plaintiffs possessed CDLs. Therefore, there is no basis to modify this Court's previous order on these grounds.

### III. Defendants' Final Argument that Plaintiffs Must Have Worked Additional Jobs is Based Entirely on Speculation and is Irrelevant.

Defendants' final argument is equally meritless. Defendants claim that based on Plaintiffs' Form 1099s, Plaintiffs made too little in Defendants' employ to survive, and therefore must have worked additional jobs. Def. Br. 6-8, ECF No. 67-1. Defendants fail to explain in any way why this should cause the Court to reconsider its prior determinations. Defendants' argument rests on nothing more than speculation and is hardly the kind of "overlooked . . .matters . . . that might reasonably be expected to alter the conclusion reached by the court."[2] *Corpac*, 10 F. Supp. 3d at 351. Furthermore, it is unclear what significance, if any, additional employment would have on this Court's previous determinations. Additional employment, without further evidence of control

---

2 It appears that, contained within Defendants' briefing for a motion to reconsideration, is a request to compel Plaintiffs to provide tax and employment records. Defendants admit "perhaps it was our obligation at the time to seek" such documents. Def. Br. at 7, ECF No. 67-1. Defendants are correct, it was their obligation to appropriately seek discovery when discovery was ongoing. It is improper to now request further discovery on an issue that appears to be largely irrelevant well after discovery has closed and after summary judgment has been decided. The request is therefore denied.

over an individual's source of income, is not indicative that an individual is an independent contractor. *See Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901, 920 (S.D.N.Y. 2013) ("That dancers were free to work at other clubs or in other lines of work, and that they were not permanent employees, do not distinguish them from countless workers in other areas of endeavor who are undeniably employees under the FLSA—for example, waiters, ushers, and bartenders."). Accordingly, I decline to reconsider this Court's previous order on this basis.

## CONCLUSION

For the reasons discussed above, Defendants' motion for reconsideration is DENIED.

**SO ORDERED.**

                                          /s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       September 5, 2023